UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMONTE A. EALY,

              Petitioner,

v.                                                            Case No. 22-cv-0736-bhl

DYLON RADTKE,

              Respondent.

## ORDER DISMISSING PETITION

On August 5, 2022, this Court screened Petitioner Lamonte A. Ealy's petition for writ of habeas corpus under 28 U.S.C. Section 2254 and concluded that the claims raised therein had been previously rejected on an adequate and independent state law ground. (ECF No. 6.) Because such procedural default generally bars federal habeas review, the Court offered Ealy a chance to file a brief explaining how he could satisfy the cause and prejudice or miscarriage of justice exceptions. (*Id.* at 3.) On August 23, 2022, Ealy timely responded. (ECF No. 7.) Because nothing in his brief excuses his procedural default, his petition will be dismissed.

Ealy's brief invokes the "fundamental miscarriage of justice" exception. Relief under this exception "is limited to situations where [a] constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To show 'actual innocence,' [a petitioner] must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." *Dellinger*, 301 F.3d at 767.

Ealy argues that prosecutors violated the constitutional prohibition on double jeopardy when they charged him with two counts of first-degree sexual assault under Wis. Stat. Section 948.02(1)(e). (ECF No. 7 at 12.) Section 948.02(1)(e) provides: "Whoever has sexual contact or sexual intercourse with a person who has not attained the age of 13 years is guilty of a Class B felony." The state twice invoked this statute—first, in Count 1, where it argued that Ealy had sexual contact with a child's breasts, buttocks, and/or vagina; and second, in Count 3, where it argued that Ealy placed the child's hand on his penis. (ECF No. 1-1 at 37.) The jury returned a

guilty verdict on Count 1 and a not guilty verdict on Count 3. (*Id.*) According to Ealy, because these counts were multiplicitous, no rational jury could have convicted on Count 1 while acquitting on Count 3. (ECF No. 7 at 12-13.) Thus, he is in custody in violation of the Double Jeopardy Clause, and failure to consider his petition would result in a fundamental miscarriage of justice.

But "[t]he Double Jeopardy Clause is not implicated when multiple separate violations of the same provision are charged in multiple counts." *U.S. v. Snyder*, 189 F.3d 640, 647 (7th Cir. 1999). And there is no logical inconsistency between a conviction on Count 1 and acquittal on Count 3; neither depended on the other because the predicate acts (both of which violated the statute) were different. Under Ealy's interpretation of the Double Jeopardy Clause, prosecutors would never be allowed to charge defendants for multiple violations of the same statute, even if those violations occurred in separate cities on different days. That is not how double jeopardy works.

To successfully invoke the fundamental miscarriage of justice exception and excuse his procedural default, Ealy needed to show actual innocence. He has not done so.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus under 28 U.S.C. Section 2254, ECF No. 1, is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 29, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge