UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMONTE A. EALY,

          Petitioner,

                                                            Case No. 22-cv-0736-bhl

    v.

DYLON RADTKE,

          Respondent.

## ORDER DENYING MOTION TO APPEAL IN FORMA PAUPERIS

        On June 24, 2022, Petitioner Lamonte A. Ealy filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. (ECF No. 1.) A little over two weeks later, he paid the $5.00 filing fee. On August 5, 2022, the Court screened Ealy's petition, determined that his claims were procedurally defaulted, and ordered him to file a document showing cause why his petition should not be dismissed. (ECF No. 6.) Ealy responded on August 23, 2022, but because his response did not identify any excuse for his procedural default, the Court dismissed his petition less than a week later. (ECF No. 8.) On September 15, 2022, Ealy docketed his notice of appeal. (ECF No. 12.) He also filed a motion for leave to appeal without prepayment of the filing fee, accompanied (about a week later) by his prisoner trust fund account statement. (ECF Nos. 14 & 18.)

        Although Ealy paid the $5.00 filing fee to initiate his case before this Court, the appellate fee is substantially higher, and Ealy's prisoner trust fund account balance shows that he lacks sufficient funds to pay it. (ECF No. 18 at 1.) He, therefore, meets the indigency requirement to appeal *in forma pauperis*. That said, a petitioner cannot appeal *in forma pauperis* if the district court "certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3). Thus, the question before the Court is whether Ealy's appeal is taken "in good faith."

        While the Court did not issue Ealy a certificate of appealability, an appeal can meet the good faith standard without also clearing the higher bar necessary to obtain a certificate. *See Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some

merit." *Id.* at 632. Ealy does not meet even that more modest standard here. In dismissing his petition, the Court determined that Ealy had procedurally defaulted on his federal habeas claims and failed to excuse that default. (ECF No. 8.) His current motion does not identify any reason to suppose this ruling might be reversed on appeal. *See Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013). In the absence of any such argument, the Court must conclude that his appeal is frivolous and therefore "not taken in good faith." The Court, therefore, denies the motion to appeal in forma pauperis.

Accordingly,

**IT IS HEREBY ORDERED** that Ealy's motion for leave to appeal *in forma pauperis*, ECF No. 14, is **DENIED**.

Dated at Milwaukee, Wisconsin on September 20, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge